165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stephen S. MAROZSAN, Plaintiff-Appellant,
v.
Joseph E. SPEYBROECK, et al., Defendants-Appellees.
 No. 98-1872.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 20, 1998*.
Decided Oct. 23, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied Dec. 7, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 3:95-CV-0784-RM. Robert L. Miller, Jr., Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JOEL M. FLAUM, Hon. FRANK H. EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Stephen S. Marozsan appeals the district court's order granting the defendants' motion to dismiss for failure to state a claim relating to a traffic control measure implemented near his home. In June 1997, Marozsan filed pro se his Fourth Amended Complaint against the sheriff, county police officers and county commissioners of St. Joseph County, Indiana. Marozsan asserts causes of action for civil rights violations under 42 U.S.C. §§ 1983, 1985 and 1986, alleges violations of various Indiana constitutional and statutory provisions, and claims intentional infliction of emotional distress and negligence. We affirm.
 
 I.
 
 2
 Marozsan lives near the campus of the University of Notre Dame, off Bulla Road, in South Bend, Indiana. His property abuts several University parking lots. In the fall of 1988, he started making use of his property's proximity to the University by permitting fans attending Notre Dame football games to park in his yard for a fee. Unfortunately for Marozsan's budding enterprise, county police officers soon closed Bulla Road to general traffic on football game days, allowing only vehicles displaying University parking decals to use the road to access Notre Dame parking lots. As a result, since most football fans could no longer reach Marozsan's yard, his revenues from the parking operation decreased dramatically.
 
 
 3
 In 1995, Marozsan filed suit in federal court challenging the closure of Bulla Road. The following football season the St. Joseph County Sheriff provided Marozsan with flyers to distribute to football fans who wanted to use his parking lot. Fans who placed the flyers in their vehicles' windshields would be allowed through the Bulla Road barricade to access Marozsan's parking lot. Instead of using these flyers, Marozsan added the "flyer incident" to his amended complaints.
 
 
 4
 After carefully reviewing Marozsan's claims that he was deprived of his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights, the district court concluded that the only non-frivolous claim related to Marozsan's alleged deprivation of property caused by the defendants' regulating traffic on Bulla Road on Notre Dame football game days. Nevertheless, the district court granted defendants' Rule 12(b)(6) motion to dismiss, concluding that Marozsan's injury did not rise to the level of a constitutional violation. Having dismissed Marozsan's federal law claims, the district court declined to exercise jurisdiction over his state law claims. The district court entered judgment on March 23, 1998. Marozsan filed a timely notice of appeal on March 30, 1998.
 
 II.
 
 5
 We review the grant of a motion to dismiss under Rule 12(b)(6) de novo. Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir.1996). We accept all well-pleaded allegations as true, drawing all reasonable inferences in favor of Marozsan. Id. In addition, since this is a pro se complaint, we must liberally construe the allegations and employ less stringent standards than if the complaint had been drafted by counsel. Kelley v. McGinnis, 899 F.2d 612, 616 (7th Cir.1990) (citing Haines v. Kerner, 404 U.S. 519, 510-11 (1972)).
 
 
 6
 Even construing the complaint liberally, we agree with the district court that although Marozsan alleges in a conclusory manner that the defendants violated several of his Constitutional rights, his only non-frivolous claim stems from the Bulla Road traffic regulation imposed on Notre Dame football game days which hampered Marozsan's use of his property as a parking lot. In dismissing the complaint, the district court found that Marozsan did not have a property interest in Bulla Road and, therefore, had not suffered the constitutional deprivation necessary to state a claim under 42 U.S.C. §§ 1983, 1985 and 1986. For the reasons the district court gave, we conclude that Marozsan does lack a property interest in Bulla Road. In addition, as we read his complaint, Marozsan also claims a property interest, not only in Bulla road, but also in his own land. He alleges he has been deprived of property through the traffic regulation, causing an inverse condemnation. He contends that property has been taken from him without just compensation which is prohibited by the Fifth and Fourteenth Amendments.
 
 
 7
 The Fifth Amendment provides that no person shall be "deprived of life, liberty, or property without due process of law, nor shall private property be taken for public use without just compensation." U.S. Const. amend. V. "The due process clause of the Fourteenth Amendment has been interpreted, through absorption of the takings clause of the Fifth Amendment, to entitle a landowner to just compensation if a state or one of its subdivisions takes his land." However, "not every destruction or injury to property by government action has been held to be a 'taking" '. Armstrong v. United States, 364 U.S. 40, 48, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960). In fact, the government action must deny an individual "all" or an "essential" use of his property before a taking occurs. Prune Yard Shopping Center v. Robins, 447 U.S. 74, 84, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980). To establish a constitutional taking, a property owner must prove that the rights lost was "so essential to the use or economic value of [the] property that [a] state-authorized limitation of it amounted to a 'taking'." Id. This Marozsan has not alleged. His ability to use his yard as a parking lost for Notre Dame football fans several days a year has not eliminated all or even the most beneficial use of his property. Despite the closure of Bulla Road on Notre Dame football game days, Maroszan retains the full enjoyment of the residential use of his property.
 
 
 8
 Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(3); Cir. R. 34(f)